**UNITED STATES COURT OF APPEALS**
**TENTH CIRCUIT**

<u>**Filed 10/9/96**</u>

DEXTER DEAN SMITH and MARY E.
SMITH,

      Plaintiffs/Counter-Claim-
      Defendants/Appellants,

v.

ST. PAUL FIRE AND MARINE
INSURANCE COMPANY,

      Defendant/Counter-
      Claimant/Appellee.

No. 95-3370
(D.C. No. 94-CV-1086)
(District of Kansas)

**ORDER AND JUDGMENT**[*]

Before **PORFILIO**, **TACHA**, and **BRORBY**, Circuit Judges.

      Plaintiff Dean Smith appeals the district court's order granting summary judgment

to defendant St. Paul Fire and Marine Insurance Company (St. Paul) on plaintiff's claims

of malicious prosecution, tortious interference with business relations, abuse of process,

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

and outrageous conduct. We conclude the district court properly awarded summary judgment to defendant on all the issues and affirm.

Dean Smith obtained a loan from Investors Savings and Loan (Investors) using a power of attorney to mortgage property belonging to his mother. Mr. Smith told Investors the loan was for his mother's care, but he immediately applied nearly the entire amount to personal debts. After making a number of payments, Mr. Smith defaulted on the loan. Investors' attorney, Rae Batt, who had approved the power of attorney, later learned the document did not grant Mr. Smith the authority to mortgage his mother's property, leaving Investors with no security for the loan.

Batt notified St. Paul, his professional liability carrier, which sought to recover the outstanding loan from Mr. Smith to minimize Investors' damages and its own liability. To that end, St. Paul and Batt filed a cross-petition in related litigation charging Smith with fraud. A Kansas district court dismissed the fraud claim based on the statute of limitations, and the Kansas Court of Appeals affirmed on the same ground. When Mr. Smith filed for bankruptcy relief, St. Paul and Batt filed an objection to his first reorganization plan, then negotiated an agreement outside the subsequently-confirmed plan, which required he repay the loan only if the state appellate court reinstituted the fraud action.

Mr. Smith filed suit against St. Paul alleging the insurance company, as a non-assigned third party, had no right to pursue recovery of the loan, and claiming the fraud

action it had instigated therefore constituted malicious prosecution.  Mr. Smith also argued that St. Paul's involvement in the bankruptcy proceedings was similarly unauthorized and amounted to tortious interference.  The district court ruled that Smith had failed to prove all the elements of his claims and ordered summary judgment for St. Paul.  On appeal, Mr. Smith argues the district court erroneously concluded he had not made out his four causes of action.

We review the grant of summary judgment de novo, using the same standard as the district court under Fed. R. Civ. P. 56 (c).  ***Blue Circle Cement, Inc. v. Board of County Comm'rs***, 27 F.3d 1499, 1503 (10th Cir. 1994).  Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56 (c).

Mr. Smith's first contention, that St. Paul's fraud action constitutes malicious prosecution, is contrary to the controlling law.  As our jurisdiction is based on diversity, we look to Kansas law for resolution of this issue.  The Kansas Supreme Court has outlined five criteria for maintaining a malicious prosecution action:

> (a) that the defendant initiated, continued, or procured civil procedures against the plaintiff;
> (b) that the defendant in so doing acted without probable cause;
> (c) that the defendant acted with malice, that is, he acted primarily for the purpose other than that of securing the proper adjudication of a claim upon which the proceedings are based;
> (d) **that the proceedings terminated in favor of the plaintiff**; and
> (e) that the plaintiff sustained damages

*Nelson v. Miller*, 607 P.2d 438, 443 (Kan. 1980) (emphasis supplied). Plaintiff is required to prove all elements of his claim; failure to demonstrate one element defeats the action. The district court found that Mr. Smith had failed to prove a lack of probable cause, malice, and a favorable termination; we need only address the favorable termination prong.

Civil proceedings may be terminated in favor of the defendant by: (1) the favorable adjudication of the claim by a competent tribunal, (2) the withdrawal of the proceedings by the person bringing them, or (3) the dismissal of the proceedings because of his failure to prosecute them. A favorable termination may result without a trial on the merits where, for example, the case is voluntarily dismissed. *Nelson v. Miller*, 607 P.2d at 445.

Smith makes two arguments to support his claim that the proceedings were terminated in his favor: first, he asserts that a dismissal based on the statute of limitations constitutes a favorable termination; and second, that the bankruptcy repayment agreement, contingent upon the appellate court's ruling, ended favorably with the Court of Appeals' affirmance and St. Paul's "voluntar[y] terminat[ion] [of] all of its remaining causes of action . . . ." Both arguments lack merit.

Kansas law on the statute of limitations issue, unsettled at the time of trial, is now clear. The Kansas Court of Appeals recently ruled that dismissal of a case based on the statute of limitations does not constitute a favorable termination and will not support a claim of malicious prosecution. *Miskew v. Hess*, 910 P.2d 223, 233 (Kan. App. 1996).

In framing its own decision, the *Miskew* court adopted the reasoning of other courts that had rejected favorable termination claims based upon statute of limitations dismissals:

> [B]ecause a favorable termination should indicate the innocence or nonculpability of the accused, the favorable termination must reflect on the merits of the initial action. The court observed that the dismissal of a case based on a statute of limitations defense is not on the merits. '[T]he purpose served by dismissal on limitations grounds is in no way dependent on nor reflective of the merits -- or lack thereof -- in the underlying action. . . .Strong policy reasons run against maintenance of a cause of action for malicious prosecution based on an action dismissed for limitations reasons. . . . When the underlying action has been dismissed for that reason and the prevailing party attempts to assert a cause for malicious prosecution, he necessarily puts in question the same stale issues. Certainly if policy considerations preclude litigation of such issues in the underlying action, the same considerations also preclude it in the malicious prosecution action.'

*Id*. at 232 (citing *Lackner v. LaCroix*, 603 P.2d 393, 395-96 (Cal. 1979)).

Mr. Smith's assertion that his loan repayment bargain with St. Paul amounts to a "withdrawal" under *Nelson* misses the mark. St. Paul's agreement with Mr. Smith under the bankruptcy plan incorporated the contingency as an element of the bargain. Thus, the court's ruling did not trigger a withdrawal of St. Paul's claims against Smith but simply signaled that St. Paul's negotiated credit gamble had failed.

Mr. Smith's second contention, that St. Paul's involvement in the bankruptcy proceedings constitutes tortious interference in business relations, is unsupported by the evidence. Plaintiff contends that St. Paul's objection, on behalf of Investors, to the first bankruptcy reorganization plan forced other creditors to abandon their support for the plan, resulting in a dismissal.

The elements of tortious interference are:

> (1) the existence of a business relationship or expectancy with the probability of future economic benefit to the plaintiff; (2) knowledge of the relationship or expectancy by the defendant; (3) that, except for the conduct of the defendant, plaintiff was reasonably certain to have continued the relationship or realized the expectancy; (4) intentional misconduct by defendant; and (5) damages suffered by plaintiff as a direct or proximate result of defendant's misconduct.

*Turner v. Halliburton Co.*, 722 P.2d 1106, 1115 (Kan. 1986). The district court found no evidence of intentional misconduct by St. Paul. We agree.

Mr. Smith's claim that St. Paul interfered in the development of a bankruptcy reorganization plan does not go far enough. He must also demonstrate St. Paul's interference on behalf of Investors was not privileged and was motivated by malice. *Id.* The record reveals that Investors, in whose name the objection was filed, had a right to pursue payment of the loan from Mr. Smith and to interject itself into the bankruptcy proceedings. The evidence further demonstrates St. Paul's involvement in the proceedings was motivated by a desire to minimize its own liability; nothing in the record suggests the insurance company acted with malicious intent.

Given our disposition of these issues, Mr. Smith's other claims must fail. Neither the record nor the arguments in his brief alter that conclusion. We, therefore, **AFFIRM.**

ENTERED FOR THE COURT

John C. Porfilio
Circuit Judge